## T. R. FOLEY v. FRED RICHTER AND OTHERS.[1]

September 22, 1916.

Nos. 19,793—(157).

**Trespass — conversion of timber — proof of title — sufficiency of evidence.**

Evidence showing that plaintiff had an executory contract for the sale of land, signed by one not in any way shown to be connected with the chain of title to the property, in the absence of any other evidence of title is insufficient to support a finding against defendant in an action for wrongfully cutting and removing timber from land which was vacant and unoccupied at the time the timber was removed. [Reporter.]

Action in the district court for Aitkin county to recover possession of certain logs or, if possession could not be had, for $75. The case was tried before Wright, J., who directed a verdict in favor of defendants. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Louis Hallum*, for appellant.

*W. M. O'Hara*, for respondent.

PER CURIAM.

Certain pine timber was wrongfully cut and removed from a tract of land in Crow Wing county which plaintiff claims to own. The timber was sub-

---

[1] Reported in 159 N. W. 129.

Note.—As to sufficiency of equitable title to sustain action for trespass to land, see note in 47 L.R.A. 637.

sequently traced to and found in the possession of defendants in the yard of their saw mill in Aitkin county, and plaintiff brought this action in the district court of that county to recover the possession of the same, or the value thereof, alleged to be fifty dollars, in case a delivery of the property cannot be had. Upon the trial below the court directed a verdict for defendants, upon which judgment was rendered, and plaintiff appealed. The ground upon which the verdict was directed was that plaintiff wholly failed to prove his title or right to the possession of the property. Our conclusion, after reading the record, is that the ruling of the court was correct.

The only evidence offered in support of plaintiff's claim of title, or right to the possession of the property, was an executory contract for the sale of the land to him signed by the Bank of Glencoe as grantor. There was no evidence to connect the bank with the title; no chain of title from the government was shown, and for aught that appears the bank is a total stranger to the title. At the time the timber was removed the land was vacant and unoccupied; plaintiff had no possession thereof; nor does it appear that he was ever in possession of the timber subsequent to its wrongful removal from the land. In this state of the evidence a verdict was properly directed for defendants. The evidence did not show even a *prima facie* right in plaintiff either to the land or the removed timber. Plaintiff waived the point made in this court, that the trial court could only dismiss the action in the situation presented by the record, by expressly rejecting the offer of the court to so dispose of the case.

Judgment affirmed.